IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB MONROE, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00008 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD CLARKE, ) | Chief United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Jacob Monroe, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"). Monroe paid the required filing fee on January 31, 2022. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim against the named defendant.

### I.   Background

Monroe is incarcerated at Marion Correctional Treatment Center ("Marion"). In his complaint, Monroe claims that he "shouldn't be in prison" and that his body is taking "abuse." Compl., ECF No. 1, at 3, 5. Many of his more specific allegations rise to the level of delusional or incredible.

For instance, Monroe alleges that he is "possess[ed]" from having dirt in his pores and that "the possession would go away" if Clarke's "workers [weren't] using force on [him]." Id. at 1. Monroe further alleges that he contracted COVID-19 as a result of his pores being blocked and that the blocked pores are causing impulsive thoughts. Id. at 4.

Monroe also complains of having swollen saliva ducts and expresses the belief that the ducts are swollen "because the mental health medicine stops [him] from masturbating fully." Id. at 2. Monroe claims that psychiatrists are "trying to use [him] being possessed from dirt to keep him on mental health medicine." Id. He alleges that the medicine is "interfering with [his] libido," "causing his body to be soft," and "restricting blood flow to [his] penis." Id. at 2–3.

Monroe further complains about not being scheduled for laser hair removal. Id. He alleges that he "still feel[s] hairy when shaving," which is "causing a possession feeling" and "sleepwalking," and that "shaved hair gets a battery smell and smells like blood." Id. at 3, 5. Additionally, Monroe asserts that "the nurse won't help [him] shave his back." Id. at 7.

Monroe also discusses "encryptions" in several paragraphs. He alleges that he has an "encryption news deal" that he is not able to access because inmates at Marion are not allowed to have televisions. Id. Monroe further alleges that "the Parole Board is trying to stop [him] from getting encryptions." Id. at 8.

Aside from complaining of actions taken by Clarke's "workers," Monroe's complaint appears to mention Clarke in only one other paragraph. Clarke alleges that he "thinks Director Harold [Clarke] got inmates to go on voluntary lockdown [at] the prison because Monroe got charges dismissed, and that's why Monroe got sent to Marion." Id. at 6.

Monroe seeks to be released from incarceration and to recover monetary damages. Id. at 11. He also seeks "to speak with his provider, and who sends him encryptions." Id.

In addition to the complaint, Monroe has filed two motions for preliminary injunctive relief. In the first motion, Monroe seeks to be transferred to a minimum security prison. See Mot. for Prelim. Inj., ECF No. 2, at 1. In the second motion, Monroe requests an injunction

requiring prison officials to provide access to a law library. Mot. for Prelim. Inj., ECF No. 7, at 1.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also allege facts demonstrating personal involvement on the part of a defendant. Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (emphasizing that "liability [under § 1983] will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights") (internal quotation marks and citations omitted).

In this case, the complaint lists Harold Clarke as the sole defendant and complains of actions taken by Clarke's "workers." The mere fact that Clarke serves as the Director of the VDOC, however, does not provide a basis for liability under § 1983. See Vinnedge, 550 F.2d at 928 ("The doctrine of respondeat superior has no application under this section.") (internal quotation marks and citation omitted); see also Shaw v. Stroud, 13 F.3d 791, 794 (4th Cir. 1994) (setting forth the elements necessary to establish supervisory liability under § 1983). Thus, to the extent the complaint suggests that Clarke should be held liable simply based on his management position, it fails to state a claim for relief under § 1983.

To the extent Monroe seeks to hold Clarke responsible for having him transferred to Marion, his allegations fare no better. Monroe does not plausibly allege that Clarke played a role in the transfer decision, and even if Monroe had done so, he does not have a constitutional right to be confined in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 247–51 (1983) (finding no protected liberty interest in avoiding intrastate or interstate prison transfers); Meachum v. Fano, 427 U.S. 215, 225 (1976) (emphasizing that the fact that "life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules").

Finally, to the extent Monroe challenges the fact or duration of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005). "He must seek federal habeas corpus relief (or appropriate state relief) instead." <u>Id.</u>

### IV. Conclusion

For the foregoing reasons, the court will dismiss Monroe's complaint without prejudice under 28 U.S.C. § 1915A(b)(1) and direct the Clerk to refund the $402.00 filing fee to Monroe. Because the case itself will be dismissed, the court will also deny as moot Monroe's motions for preliminary injunctive relief. An appropriate order will be entered.

Entered: March 1, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.03.01 10:32:48 -05'00'

Michael F. Urbanski
Chief United States District Judge